Matter of the Application of the FIDELITY AND CASUALTY COMPANY OF NEW YORK for a Mandamus Directing EDWIN W. JOSLIN, Mayor of the City of Watervliet; JOSEPH G. CONNORS, Commissioner of Accounts of the City of Watervliet, and CHARLES F. POLK, Chamberlain of the City of Watervliet, to Pay to the Fidelity and Casualty Company of New York, out of the Proceeds of Bonds of the City of Watervliet Issued to Provide for the Payment of the Sums of Money Due and Owing the Contractors for the Construction of the Water System, the Sum of $12,335.55, Amount Due the Fidelity and Casualty Company of New York Pursuant to Final Estimate.

(Supreme Court, Albany Special Term, February, 1919.)

Mandamus — when application for a peremptory writ of, will issue — municipal corporations.

> Where by the return to an application for a peremptory writ of mandamus directing municipal authorities to pay the surety of a contractor for the construction of a water system of a city, a certain sum alleged to be due and owing to the petitioner, it is admitted that the chamberlain of the city has in his hands, held and set apart, said sum of money resulting from the sale of bonds of the city, the issuance of which was approved by the people at a special election, authority for which was given by the common council under an estimate by the engineers of the water board certifying that said sum was due and owing to the petitioner, the writ will issue.

19

APPLICATION for a peremptory writ of mandamus.

Ainsworth, Carlisle & Sullivan (Charles B. Sullivan, of counsel), for petitioner.

S. W. Russell, deputy corporation counsel, for respondents.

RUDD, J.  The petitioner applies for a peremptory writ of mandamus directing the mayor, commissioner of accounts and chamberlain of the city of Watervliet to pay to the Fidelity and Casualty Company, out of moneys, the proceeds of bonds, now in the custody of the chamberlain, the sum of $12,335.55, alleged to be due and owing the petitioner as contractor for the construction of the water system of the city of Watervliet.

By the return filed there is no issue raised which will prevent the issuance of a peremptory writ providing there is justification therefor.

There is practically an admission on the part of the city authorities of the material facts alleged in the petition, but objection is made to the granting of this application on the ground and for the reason practically that the water board adopted a resolution in December, 1918, to the effect that instead of any moneys being due to the petitioner herein there was an indebtedness of the petitioner to the city of Watervliet.

Prior to the adoption of such resolution the city of Watervliet through its proper authorities took this action: the water board, considering the claim of the petitioner and its subcontractors, agreed that there was due and owing to the petitioner the sum of $12,335.55.

The water board issued a final estimate for that amount.  It was as we understand it an adjustment, a

settlement, a final recognition on the part of the water board of the indebtedness due from the city of Watervliet to the petitioner, the Fidelity and Casualty Company, for the work which it had done under a contract in the completion of the water system.

After the issuance of this final estimate the common council of the city of Watervliet had a special meeting, held July 10, 1918, received a communication from the water board and adopted unanimously a resolution reciting that the water board had certified the amount set forth in the estimate as necessary to provide for the purposes therein set forth, that no funds were available for such purposes, and resolving that such extraordinary expenditure ought, for the benefit of the city, to be made for the proper supply of water and ought to be raised by tax, and further resolving that a special election of the taxpayers should be held pursuant to the provisions of law and the charter of the city, fixed a day for such election, and resolving that the proposition shall be submitted to the voters, that said proposition shall be printed on suitable ballots, and that each ballot shall contain a printed copy of the estimates upon which the various sums required are based.

Such election was held, the ballot specified by the resolution of the common council was provided and there was set forth upon such ballot, among other estimates, the following: "Amount due Fidelity and Casualty pursuant to final estimate, $12,335.55."

By such election the city of Watervliet was authorized to issue its bonds in a sum not exceeding $130,000 to provide for the payment of sums of money due and owing the contractors for the construction of the water system and included in said sum above mentioned was the item due the Fidelity and Casualty Company.

Said bonds were issued and sold and the proceeds thereof were paid to the chamberlain and he now has

in his hands certain of such proceeds including $12,335.55, certified to be due this petitioner.

On December 14, 1917, the water board adopted a resolution charging this petitioner, as the contractor, with damages for the delay in the completion of the work at $50 a day therefor, and on May 1, 1918, the final estimate signed by the engineers of the water board certifying the sum of $12,335.55 was given.

There has been and apparently still is much confusion growing out of the construction of the water works for the city of Watervliet. The original contractor failed to perform and a considerable delay resulted in the completion of the work under the contract made by the city with the petitioner.

The city now objects to the issuance of a peremptory writ on the ground that the city has an alleged claim growing out of the delay referred to arising under the penalty clause of the contract, and further the city objects for the reason that the petitioner has failed to render its claim in duplicate and verified by or on behalf of the claimant in such form as the commissioner of accounts shall prescribe, and approved by the head of the department or office whose action gave rise or origin to the claim as provided by section 97, article X, chapter 462, Laws of 1918, known as "An Act to revise the charter of the city of Watervliet."

This enactment in the revision of the charter was not until after the contract was entered into, and in fact after the construction work was complete. When the contract was entered into and during the construction of the work, the water board had the power to make monthly estimates, to accept the construction and to issue a final estimate. All of which was done in accordance with the provisions of law under which the contract was made.

There was without question delay in the completion

of the work and unsatisfactory conditions resulted, to the annoyance of the officials of the city, as well as to the people. The war conditions did not aid either party in solving the problems or in expediting the work.

The admission confronts us on the part of the city that to-day the chamberlain has in his hands, held and set apart, the sum of money resulting from the sale of the city bonds, the issuance of which was approved by the people at a special election, authority for which was given by the common council, under an estimate by the engineers of the water board, certifying that this amount of money was due and owing to this petitioner.

There seem to be legal reasons, sustained by equitable considerations, why the relief asked by the petitioner should be granted.

An order may be entered directing the issuance of the peremptory writ of mandamus as prayed for in the petition. Such order may provide for costs of fifty dollars.

Ordered accordingly.